## PASTOR *v.* LUZUNARIS ET AL.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 89.—Resuelto en marzo 17, 1904.

TERCERÍA DE MEJOR DERECHO.—Si de la prueba documental aportada a un juicio de tercería apareciere que el demandante carece de título en que fundar su demanda, ésta debe ser desestimada.

ID.—COSTAS.—Declaradas las costas en una sentencia a favor de una parte, en un procedimiento sobre nulidad de actuaciones, y revocado ese pronunciamiento por el Tribunal Supremo que ordenó se entendieran dichas costas sin especial condenación, la parte a cuyo favor se hiciera primeramente aquella declaración, no puede alegar la misma en concepto de crédito preferente que pueda servir de título a una tercería de mejor derecho.

ID.—SUSPENSIÓN DE LA VISTA—INDEFENSIÓN.—Siendo la celebración del juicio y la de la vista, actos distintos del procedimiento, la denegación de la suspensión de la vista por enfermedad del letrado de una parte, no puede aparejar indefensión si se hubiere practicado la prueba, ni puede alegarse tal indefensión cuando se hubiere dejado de practicar alguna prueba por negligencia de la misma parte que solicite la suspensión.

### EXPOSICIÓN DEL CASO.

En el juicio seguido en el Tribunal de Distrito de Humacao entre partes, de la una, D. Ramón Pastor Díaz, demandante, y de la otra, el Letrado D. Herminio Díaz Navarro y Doña Carolina Luzunaris y Domínguez, demandados, sobre tercería de mejor derecho, cuyo juicio pende ante nos en (*) virtud de recurso de casación, hoy de apelación, interpuesto contra la sentencia recaída en el mismo, por la· parte demandante, la que ha representado y defendido en· esta Corte Su-

prema el Letrado D. Antonio Alvarez Nava, habiendo llevado la representación y defensa de las partes recurridas el Letrado D. Juan de Guzmán Benítez.

*Resultando:* que la expresada sentencia, copiada a la letra dice así:

*Sentencia.* En la ciudad de Caguas a los 26 días del mes de mayo de 1902: *Vistos* los autos seguidos ante este tribunal, entre partes, de la una Don Ramón Pastor Díaz, demandante, dirigido y representado por el Letrado Don Juan Hernández López, y de la otra el Letrado Don Herminio Díaz Navarro y Doña Carolina Luzunaris Domínguez, demandados, defendido el primero por sí propio, y la segunda, representada por el mismo Letrado Sr. Díaz Navarro, sobre tercería de mejor derecho.

"1. *Resultando:* que en 20 de enero del corriente año, el Letrado Don Juan Hernández López, a nombre de Don Ramón Pastor Díaz, presentó demanda ante el tribunal contra el Letrado Don Herminio Díaz Navarro y Doña Carolina Luzunaris Domínguez, solicitando que el precio o importe de la casa que el Letrado Don Herminio Díaz Navarro le embargó a Doña Carolina Luzunaris, para el cobro de sus honorarios devengados en el pleito de divorcio que dicha señora siguió contra su esposo Don Ramón Pastor Díaz, y la cual casa se había mandado poner en pública subasta, se mandara depositar hasta que recayera sentencia en esta tercería, y que en definitiva se declarara que su representado Don Ramón Pastor Díaz era acreedor preferente respecto del demandado Don Herminio Díaz Navarro, en la finca embargada por éste a Doña Carolina Luzunaris Domínguez, con los demás pronunciamientos del caso e imposición de todas las costas a los demandados, y alegó como hechos, que el Letrado Don Herminio Díaz Navarro, a nombre de Doña Carolina Luzunaris Domínguez, como menor de edad, asistida de su legítimo padre Don Manuel Luzunaris, presentó demanda de divorcio ante este tribunal en 8 de agosto último contra Don Ramón Pastor Díaz, solicitando que en definitiva se declarara con lugar el divorcio solicitado, disolviéndose el vínculo del matrimonio con los demás pronunciamientos del caso; que contestada la demanda por la representación del Sr.(*) Díaz, propuestas las pruebas y llegada la celebración del juicio oral y público, el tribunal, de acuerdo con las pretensiones de carácter previo, deducidas en el acto del juicio por la parte demandada, dictó sentencia en 13 de noviembre último, declarando nulo todo lo actuado en dicho litigio,

desde la omisión de la intervención y emplazamiento del Ministerio Fiscal, en su principio, con las costas de todo lo actuado a la parte demandante, reponiendo las cosas a su primitivo estado por si la parte actora usa de su derecho, con arreglo a procedimiento; que después de dictada esa sentencia y condena de costas contra la parte actora, el Letrado de ella Don Herminio Díaz Navarro presentó cuenta de sus honorarios devengados ascendentes a la suma de $2,000, para que fuese requerida a su pago su representada Doña Carolina Luzunaris Domínguez apercibida de apremio si no lo verificaba; que no habiendo pagado Doña Carolina Luzunaris Domínguez a instancia de dicho letrado, se le embargó una casa sita en la Villa de Guayama, calle Nueva, decretándose la venta en subasta pública, cuya subasta tendría lugar el 21 de enero del corriente año, habiéndose conferido comisión para celebrar dicha subasta al juzgado municipal de Guayama; que al mismo tiempo que esto se hacía, la representación de la parte actora, interpuso recurso de casación contra dicha sentencia, que fué admitido, elevándose los autos al Tribunal Supremo, en donde se encuentran pendientes de la tramitación del recurso; y que su representado es, pues, acreedor por costas de Doña Carolina Luzunaris Domínguez a virtud de la citada sentencia de esta corte de distrito.

"2. *Resultando:* que conferido traslado de la demanda al Letrado Don Herminio Díaz Navarro y a Doña Carolina Luzunaris Domínguez, contestaron la demanda solicitando se declarase sin lugar con costas al tercerista, exponiendo como hechos que iniciado por la Sra. Luzunaris juicio de divorcio contra su esposo el Sr. Pastor Díaz, presentó éste al comenzar la celebración del juicio oral un incidente previo de nulidad de actuaciones fundado en la falta de intervención en el litigio del Señor Fiscal; que ese incidente se declaró con lugar en sentencia de 13 de noviembre de 1901, condenándose en costas a la Sra. Luzunaris y por no estimar pertinente esa condena de costas, interpuso recurso de casación contra dicha sentencia, no habiéndose aun visto y por lo tanto resuelto dicho resurso; que antes de interponer ese recurso formuló en el mencionado juicio de divorcio reclamación contra Doña Carolina Luzunaris por 2,000 pesos de honorarios devengados en dicho (*) juicio, pidiendo que se le requiriese al pago en el término que se le señalase y que de no verificarlo se le embargasen bienes en cantidad bastante a cubrir aquella suma, dándole comisión bastante al juez municipal de Guayama para la práctica de aquellas diligencias, llevando el apremio hasta su terminación; que a esa petición recayó providencia accediendo a su solicitud; que esa providen-

cia fué notificada al representante legal del Sr. Pastor Díaz en el mencionado juicio de divorcio, habiéndola consentido y librado el oportuno mandamiento al señor juez municipal para su cumplimiento se requirió de pago sin éxito a la Sra. Luzunaris, que está judicial-mente depositada en la casa de su señora madre y fuera por tanto de la autoridad marital, embargándosele los bienes siguientes: una cama de matrimonio con su colchoneta y colchón de alambre, un juego de muebles para la sala con dos consolas de espejo, doce sillas, cuatro sillones, dos butacas y una mesa de sala con su mármol, un ropero de cedro, un tocador de bejuco negro, una cama de hierro de una plaza con su colchón de alambre, una mesa de cedro pequeña y una casa terrera de madera, techada de zinc, radicada en la calle Nueva de Guayama, colindante por la derecha entrando, con la calle de San Fernando, por la izquierda, con solar del Sr. Rodríguez La-fuente y por el fondo con casa de Don Juan Ignacio Capó, cuya casa fué adquirida por la Sra. Luzunaris antes de contraer matrimonio, o sea el 28 de julio de 1898, por compra a Don Celestino Domínguez en escritura otorgada ante el Notario Don José Mariano Capó; que ese embargo en cuanto a le referida casa, fué anotado preventivamente en el registro de la propiedad del partido al folio 137 vuelto del tomo 18 de Guayama. Tasáronse pericialmente con las formalidades que la ley prescribe, los bienes muebles en $245 y el inmueble en $1,700 que se señaló para el remate de los muebles el 20 de diciembre de 1901 y para el del inmueble el 21 de enero de 1902; que celebrada la subasta de los muebles no hubo postor y a petición del Letrado Sr. Díaz Nava-rro se adjudicaron al mismo en parcial pago de su crédito por las dos terceras partes de su valoración o sea por $173.32 en auto de 10 de ene-ro de 1902; que el día y a la hora señalada para la celebración del re-mate del inmueble no hubo postor alguno y en el mismo acto compa-reció Don Francisco Bruno, apoderado del Sr. Díaz Navarro y ofreció a nombre de éste por la casa y todas sus dependencias las (*) dos terceras partes de su valoración o sean $1,133.33, por cuya suma, no habiéndose mejorado ni presentado protesta alguna, se le adjudicó al Sr. Díaz Navarro el inmueble en pago a cuenta de su crédito y costas en providencia del 22 de enero de 1902; que a petición del Sr. Díaz Navarro, se mandó otorgar a favor del mismo, escritura a la Sra. Luzunaris, y con autorización bastante del Tribunal de Distrito de Humacao, le otorgó dicha señora el 23 de enero de 1902 ante el Notario de Guayama Don José Mariano Capó, habiéndose inscrito en el registro de la propiedad al folio 138 del tomo 18 de Guayama, finca.

número 950; que verificado el otorgamiento de esa escritura y ya inscrita en el registro de la propiedad por virtud de carta orden librada por el Tribunal de Distrito de Humacao con ocasión de la interposición de la tercería a que contesta, se requirió el 24 de enero de 1902 a Don Francisco Bruno como apoderado del Sr. Díaz Navarro para que consignase el precio de la casa rematada, contestando éste al requerimiento que en el acto de la subasta en virtud del derecho concedido por el artículo 1440 de la Ley de Enjuiciamiento Civil había hecho a nombre del Sr. Díaz Navarro, proposiciones adjudicándose el inmueble a cuenta de principal y costas porque ejecutaba, de conformidad con lo prevenido en el artículo 1502 de la ley citada, siéndole por ello imposible consignar el precio de la subasta.

''3. *Resultando:* que a instancia de las partes se abrió el juicio a prueba, no practicando el actor la que articuló aportando los demandados copia certificada del acta de matrimonio canónico celebrado el 7 de noviembre de 1898 entre Don Ramón Pastor Díaz Molinari y Doña Carolina Luzunaris Domínguez; copia del escrito que en 17 de noviembre de 1901 presentó el Letrado D. Herminio Díaz Navarro en el pleito que sobre divorcio sigue a nombre de Doña Carolina Luzunaris contra su esposo Don Ramón Pastor Díaz, interesando que el tribunal mandara requerir a Doña Carolina Luzunaris para que en el término de tres días le satisficiese la suma de $2,000 de honorarios devengados en el citado pleito, apercibida de apremio y a la vez solicitaba que se diera comisión al Juez Municipal de Guayama para llevar a cabo hasta su terminación el apremio, embargando bienes, librando mandamientos al registrador de la propiedad que corresponda para la anotación de lo embargado si fuese inmueble y procediendo a su avalúo, venta en pública subasta, aprobación de remate, adjudicación (*) y demás que proceda hasta hacerle pago de la cantidad reclamada; copia de la providencia dictada por este tribunal el 23 de noviembre de 1901, accediendo al requerimiento de pago y a lo demás pedido por el susodicho Letrado Díaz Navarro en el escrito de fecha 17 del mismo mes y año; copia de la diligencia creditiva de haberse librado la carta-orden comisionando al Juez Municipal de Guayama para practicar el requerimiento de pago y el apremio contra la Sra. Luzunaris Domínguez; copia del requerimiento de pago efectuado el 25 de noviembre último a la Sra. Luzunaris, con la manifestación de ésta de ser cierta la deuda que le reclamaba su abogado defensor, el Sr. Díaz Navarro, y la de carecer de metálico para hacerla efectiva; copia de la diligencia de embargo, efectuada

el día 29 del citado noviembre, de la que consta que fueron embargados a la Sra. Luzunaris algunos bienes muebles y una casa terrera de madera, techada de zinc, radicada en la calle Nueva, de la Villa de Guayama, colindante por su derecha entrando con la calle de San Fernando, por la izquierda, con solar de la Sucesión Rodríguez Lafuente, y por el fondo, con casa de Don Juan Ignacio Capó; copia de la tasación de los bienes embargados de la que aparece que los muebles se valuaron en la cantidad de $245, y el inmueble en 1,700 pesos; copia del acta de remate de los bienes muebles verificado, sin que se presentare postor, el 21 de noviembre del año próximo pasado; copia del auto dictado en 10 de enero del corriente año por el Juez Municipal de Guayama adjudicando al Letrado Don Herminio Díaz Navarro en virtud de haberlo éste solicitado, en pago a cuenta de lo que se le adeuda, los bienes muebles embargados a Doña Carolina Luzunaris por las dos terceras partes del avalúo; copia del acta del remate de la casa embargada a dicha Sra. Luzunaris verificado el 21 de enero del presente año, por la cual, no habiéndose presentado ningún postor, pidió Don Francisco Bruno, como apoderado del Lcdo. Díaz Navarro, que se adjudicara a su principal la referida casa por las dos terceras partes de su tasación, o sea por la cantidad de $1,133.33; copia del auto dictado el 22 del mismo mes de enero, dictado por el Juez Municipal de Guayama Don Guillermo Alvarez, refrendado por su Secretario Don Benigno Capó, por el cual se adjudicó al Letrado Don Herminio Díaz Navarro la casa rematada, a cuenta de principal y costas, por las dos terceras partes del justiprecio de la misma; copia del escrito formulado por el Lcdo (*) Díaz Navarro en el pleito de divorcio que sigue a nombre de Doña Carolina Luzunaris contra su esposo Don Ramón Pastor Díaz, presentado al Tribunal de Distrito de Humacao, interponiendo recurso de casación por infracción de ley contra la sentencia por este Tribunal pronunciada en el incidente previo de nulidad de actuaciones promovido por la representación de Don Ramón Pastor Díaz; copia del escrito del Lcdo. Díaz Navarro formulando ante el Supremo el recurso de casación anunciado, recurriendo de la sentencia solamente en cuanto a la condena de costas impuestas en totalidad a su parte; certificación de no haberse presentado en el referido pleito de divorcio por los Letrados Don Juan Hernández López y Don Rafael López Landrón minuta alguna de honorarios; de que en dichos autos no figura tasación de costas, y de que no consta que contra el provisto recaído al escrito sobre reclamación de honorarios se haya interpuesto recurso alguno,

ni tampoco consta que se haya interpuesto tercería de mejor derecho . por la representación del Sr. Pastor, y por último, certificación de haber sido declarado con lugar, con fecha 17 de mayo actual el recurso de casación por infracción de ley que en tiempo y forma interpuso la . representación de Doña Carolina Luzunaris.

"4. *Resultando:* que señalado el día 16 del mes en curso y hora de las 3 de la tarde para el juicio oral de este pleito, el mismo día presentó escrito el Letrado Don Manuel León a nombre de Don Ramón Pastor Díaz, pidiendo por encargo de su compañero Don Juan Hernández López, la suspensión de la vista, por encontrarse enfermo dicho Letrado Sr. Hernández López, presentando para justificar dicha enfermedad, certificación expedida el día anterior en San Juan de Puerto Rico por el Doctor Don E. Saldaña, expresando que el Señor Hernández López se hallaba padeciendo de una colitis aguda, afección que le impedía emprender viaje fuera de la capital, y por el Letrado Don Herminio Díaz se presentó otro escrito solicitando que el . tribunal declarara no haber lugar a la suspensión por haberla pedido fuera de tiempo.

"5. *Resultando:* que estimándose fuera de tiempo la suspensión pedida por la representación de Don Ramón Pastor Díaz, por no haberse alegado la enfermedad dentro del término que determina el artículo 322 de la Ley de Enjuiciamiento Civil en su apartado 6°., se llevó a cabo la vista del pleito, con la asistencia sola del Letrado Don Herminio Díaz Navarro, quien solicitó en su informe que se declarase (*) sin lugar la demanda, con imposición de las costas al tercerista.

"6. *Resultando:* que en la tramitación de este pleito se han observado las prescripciones legales. Siendo ponente el Juez Don José Ramón Aponte en sustitución del Juez Don Juan N. Kearney.

"1. *Considerando:* que si bien Doña Carolina Luzunaris fué condenada en costas en el incidente de nulidad establecido en el pleito que contra su esposo Don Ramón Pastor Díaz, siguió sobre divorcio, esa sentencia se encuentra en el Tribunal Supremo pendiente del recurso de casación que contra ella estableciera, e ínterin no se declare sin lugar dicho recurso, se llenen las demás formalidades que establece el Título II del Libro Primero de la Ley de Enjuiciamiento Civil, y acredite el referido Pastor Díaz haber satisfecho las costas de su letrado defensor Sr. Hernández López, carece de acción contra la demandada para reclamarle cantidad alguna y en este sentido no puede alegar preferencia al pago de un crédito completamente ilusorio.

"2. *Considerando:* que por tales circunstancias, no haber aportado prueba alguna al procedimiento, ni asistido tampoco al acto de juicio, justificadas las excepciones de los demandados, debe declararse sin lugar la demanda y condenar al actor al pago de las costas por su manifiesta temeridad.

"*Vistos* los artículos del Código Civil y de la Ley de Enjuiciamiento Civil de pertinente aplicación.

"*Fallamos:* que declarando sin lugar la demanda de tercería interpuesta por Don Ramón Pastor Díaz, debemos absolver y absolvemos a los demandados Don Herminio Díaz Navarro y Doña Carolina Luzunaris Domínguez, con las costas al actor. Así definitivamente juzgando, lo pronunciamos, mandamos y firmamos: Salvador Fulladosa, Ulpiano Valdés, José R. Aponte."

*Resultando:* que contra esa sentencia interpuso la representación de Don Ramón Pastor Díaz recurso de casación por quebrantamiento de forma y por infracción de ley, que le fué admitido; y elevados los autos a esta Corte Suprema, previa citación y emplazamiento de las partes, se tramitó dicho recurso como de apelación, a virtud de lo dispuesto por la ley de 12 de marzo del año próximo pasado, transformando el (*) Tribunal Supremo de Casación, en Corte Suprema de Apelación, habiendo evacuado las partes el trámite de instrucción, y señalándose día para la vista, que tuvo lugar con asistencia del letrado de la parte recurrente.

Abogado del apelante: *Sr. Alvarez Nava.*

Abogado de los apelados: *Sr. Juan de Guzmán Benítez.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Resultando:* que Don Ramón Pastor Díaz articuló oportunamente prueba documental, para cuya práctica se libró el correspondiente suplicatorio a esta Corte Suprema, sin que aparezca devuelto diligenciado al Tribunal de Humacao, habiendo solicitado, además, que fueran citados los demandados, Doña Carolina Luzunaris y D. Herminio Díaz Na-

varro, para que comparecieran a prestar declaración o confesión en el acto del juicio oral, bajo juramento indecisorio a tenor de las preguntas que serían formuladas oportunamente, citación que fué acordada por providencia de 6 de mayo de 1902, en que se señaló el día diez y seis del propio mes para la vista del juicio, librándose las correspondientes órdenes para dicha citación, sin que tales órdenes aparezcan cumplimentadas en autos.

*Resultando:* que por auto para mejor proveer, dispuso esta Corte se trajera copia de la resolución o resoluciones definitivas recaídas al recurso de casación por infracción de ley contra la sentencia que dictó el Tribunal de Humacao, de 13 de noviembre de 1901, en el incidente sobre nulidad de actuaciones al juicio de divorcio seguido por Doña Carolina Luzunaris contra Don Ramón Pastor Díaz, y de esa certificación aparece que por sentencia de 22 de mayo de 1902, fué casada, en cuanto a las costas, la sentencia que dictó la Corte de Humacao en 13 de noviembre de 1901, ordenándose que todas las costas se entendieran sin especial condenación.(*)

*Considerando:* que si bien Doña Carolina Luzunaris fué condenada al pago de las costas en la sentencia que dictó el Tribunal de Distrito de Humacao, en 13 de noviembre de 1901, declarando con lugar el incidente de nulidad de actuaciones promovido por Don Ramón Pastor Díaz, en juicio de divorcio que aquélla iniciara contra éste, tal sentencia fué casada por esta Corte Suprema, en la parte relativa a las costas, las que ordenó se entendieran en la forma ordinaria, o sin especial condena, y por tanto, no ha tenido fuerza ejecutoria respecto a ese extremo; careciendo, en su consecuencia, Pastor Díaz de título que justifique ser acreedor de Doña Carolina Luzunaris, en el concepto expresado, y que pueda servir de base para discutir si tiene derecho o nó a cobrar semejante acreencia del producto de los bienes de Doña Carolina Luzunaris, con preferencia a los honorarios que como

defensor de dicha señora, devengara el Letrado Don Herminio Díaz Navarro.

*Considerando:* que aunque el No. 6º. del artículo 323 de la Ley de Enjuiciamiento Civil no era aplicable al denegar el Tribunal de Humacao la suspensión del juicio solicitada por la parte de Don Ramón Pastor Díaz, pues son cosas distintas la celebración de un juicio, en que se practican pruebas, y el acto de la vista, que se limita al informe de los letrados de las partes, la denegación de aquella suspensión en el caso de autos, sin que asistiera al acto la representación del demandante, no apareja indefensión para éste, pues todas las pruebas de los demandados habían sido practicadas con su citación, y si bien Pastor Díaz propuso pruebas documental y de confesión, la primera dejó de practicarse por su culpa, por no haber devuelto diligenciado el suplicatorio dirigido para ese efecto a esta Corte Suprema, y respecto de las posiciones que debían absolver los demandados, como no fueron articuladas por escrito, no cabe afirmar si eran o no pertinentes, y si la omisión de tal prueba podía o no producir indefensión, aparte de que cualquiera que hubiera sido su resultado,(*) nunca hubiera destruído la prueba documental obrante en autos, demostrativa de que el demandante carece de título que sirva de base a su demanda de tercería de mejor derecho.

*Considerando:* que según la Regla 63 de la Orden General, No. 118, serie de 1899, las costas se impondrán siempre a la parte cuyas pretensiones se hubiesen totalmente desestimado.

*Fallamos:* que debemos confirmar y confirmamos la sentencia apelada que dictó la Corte de Distrito de Humacao en 26 de mayo de 1902, por la que se absuelve de la demanda a Don Herminio Díaz Navarro y Doña Carolina Luzunaris y Domínguez, con las costas al actor, a quien condenamos también en las costas del recurso; y devuélvanse los autos al referido tribunal con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Figueras, Sulzbacher y MacLeary.